UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL BRITT,<br>    *Plaintiff*,<br><br>v.<br><br>CHIEF PUBLIC DEFENDER OFFICE, ET AL.,<br>    *Defendants*. | No. 3:24-cv-1584 (VAB) |

**RULING AND ORDER**

Michael Britt ("Plaintiff") has filed an Amended Complaint alleging claims of federal constitutional violations and Connecticut constitutional violations against the Connecticut Office of the Chief Public Defender, the Connecticut Office of the Attorney General, Colleen Birney, and Permanent General Assurance Corp. (collectively, "Defendants") in their individual and official capacities. Am. Compl., ECF No. 38 (Dec. 27, 2024) ("Am. Compl.").

The Connecticut Office of the Chief Public Defender, the Connecticut Office of the Attorney General, and Colleen Birney, a court reporter, (collectively, "State Defendants") have moved to dismiss the case. Mot. to Dismiss, ECF No. 46 (Jan. 21, 2024).

The Court has ordered Mr. Britt to provide proof of service as to Permanent General Assurance Corp.

For the following reasons, the motion to dismiss is **GRANTED**; all claims against the State Defendants are **DISMISSED with prejudice**; all claims against Permanent General Assurance Corp. are **DISMISSED without prejudice**; and leave to amend is **DENIED.**

1

I. **BACKGROUND**

A. **Factual Allegations**

Mr. Britt alleges that Defendants "intentionally maliciously us[ed] their criminal justice system to violate any and all Michael A. Britt constitutional rights [*sic*]." Am. Compl. at 3.

Allegedly, "the abuse of power began on or about May 26, 2001 when Michael A. Britt joined in civil right action No. B-482 (RNC) (DFM)," which allegedly involved an incident in which Mr. Britt was "taking his daughter to school and an off duty officer pulled a gun out of him [*sic*] and his daughter because traffic was at a stand still." *Id.* at 3.

Mr. Britt alleges that he was wrongfully convicted in the Connecticut state court cases FBT-CR05-209539, FBT-CR05-209540, and FBT-CR05-209541, due to an alleged "warrantless application for arrest warrant . . . not signed by prosecutor nor a judge." *Id.* at 4.

On October 19, 2006, during the prosecution of these cases, Mr. Britt allegedly filed an application for mandamus. *Id.* at 4. Mr. Britt alleges that, after he filed this application, "Attorney Gary Mastronardi and State's Attorney Cornelius P. Kelly plotted together with Commissioner Leonard Boyle, for Superior Court to file a 54 d incompetent hearing and sent Michael A. Britt to Connecticut Valley Hospital so he will don't appear in court [*sic*]" for the mandamus hearing. *Id.* at 4.

Mr. Britt alleges that the Chief Public Defender office violated his due process rights by bringing "unconstitutional charge[s]" against him in the Connecticut state cases F02B-CR12-267676 and F02B-CR14-276331. *Id.* at 4.

Mr. Britt alleges that he was wrongfully convicted of violating probation and sentenced to six years in prison. *Id.* at 5. He was allegedly released on May 15, 2019. *Id.*

Allegedly "the Attorney General Office of Public Satefy[,] Chief Public Defender Office, the innocence project with court appointed public Defender ha[d] orchestrated an attack on Michael A. Britt." *Id.* at 5.

As part of this alleged "attack," Mr. Britt allegedly suffered "unrepairable permanent damages" related to the Connecticut state cases F02B-CR23-0352765-S, F02B-CR24-0357803-S FBT-FA15-5044824-S, FBT- CV23-6125190-S, and TSR-CV17-4008951-S.

FBT-CV23-6125190-S is an ongoing case brought by Permanent General Assurance Corp. against Mr. Britt.[1] TSR-CV17-40009851-S is a state habeas action filed by Mr. Britt that was decided on August 2, 2021. F02B-CR23-0352765-S and F02B-CR24-0357803-S are pending state criminal cases against Mr. Britt.

Mr. Britt was allegedly denied "any due-process rights" in these cases. *Id.* at 5.

During these cases, Ms. Birney, a court reporter, allegedly "alter[ed] and chang[ed] or cop[ied] and paste[d] transcripts to another made up BRITT MICHAEL." *Id.* at 5.

Mr. Britt alleges that he will "never have a chance" to have a "fair or impartial trial judge or a fair jury" in the cases FBT-CR05-209539, FBT-CR05-209540, FBT-CR05-209541-T, F02B-CR23-0352765-S, F02B-CR23-0357803-S, FBT-FA15-5044824-S, FBT- CV23-6125190-S, and TSR-CV17-4008951-S. *Id.* at 5.

Mr. Britt additionally alleges that the Defendants abused their power through "terminat[ing] civil habeas proceedings" *Id.* at 6.

### B. Procedural History

On October 2, 2024, Mr. Britt filed his Complaint. Compl., ECF No. 1 (Oct. 10, 2024).

---

[1] The Court takes judicial notice of the state court dockets, which are publicly available at https://www.jud.ct.gov/jud2.htm. *See Connecticut v. Hull*, No. 3:17-R-00001 (VLB), 2018 WL 460977, at *1 n.1 (D. Conn. Jan. 17, 2018) ("The Court takes judicial notice that the docket is publicly available.").

3

On December 18, 2024, State Defendants filed a motion to dismiss the Complaint. Mot. to Dismiss, ECF No. 33 (Dec. 18, 2024).

On December 27, 2024, Mr. Britt filed an Amended Complaint. Am. Compl.

On January 21, 2025, State Defendants filed a motion to dismiss Mr. Britt's Amended Complaint and accompanying memorandum in support. Mot. to Dismiss; Memo. in Supp, ECF No. 46-1 (Jan. 21, 2025) ("Memo. in Supp.").

On January 21, 2025, Mr. Britt filed a Second Amended Complaint. Second Am. Compl.

On January 22, 2025, Mr. Britt filed a response to the motion to dismiss. Response re Motion to Dismiss, ECF No. 49 (Jan. 22, 2025) ("Response").

On March 11, 2025, the Court issued an order directing Mr. Britt to file proof of service as to Permanent General Assurance Corp. Order, ECF No. 60 (Mar. 11, 2015) ("Order Requiring Service"). The Court noted that if Mr. Britt did not demonstrate timely proof of service as to Permanent General Assurance Corp., or explain his delay in service, all claims against Permanent General Assurance Corp. would be dismissed. *Id.*

## II.  STANDARD OF REVIEW

### A. Rule 12(b)(1)

Federal courts are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12(b)(1). "When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat.*

4

*Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet*, 235 F.3d at 83). The court also may resolve disputed jurisdictional fact issues, however, "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

### B. Rule 12(b)(5)

"Rule 12(b)(5) permits a party to move for dismissal of a complaint based on inadequate service of process." *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (citing Fed. R. Civ. P. 12(b)(5)). A Rule 12(b)(5) motion to dismiss for improper service "must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules, which sets forth the requirements of service." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 74 (D. Conn. 2007). "Once the validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." *Cole v. Aetna Life & Cas.*, 70 F. Supp. 2d 106, 110 (D. Conn. 1999).

### C. Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

5

detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of N.Y.C.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

### D. *Pro Se* Filings

*Pro se* filings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants). While *pro se* complaints must be construed "liberally" and "read to raise the strongest arguments they suggest," the Court cannot "read into *pro se* submissions claims that are not consistent with the pro se litigant's allegations." *Triestman*, 470 F.3d at 476 (internal quotation marks omitted).

### III. DISCUSSION

Mr. Britt's Amended Complaint does not clearly lay out his causes of action. Construed liberally, however, the Amended Complaint alleges claims of constitutional violations related to his previous convictions, past habeas case, and current ongoing criminal convictions. Mr. Britt cites 18 U.S.C. § 1983, and requests injunctive relief and damages. Am. Compl. at 7. Mr. Britt specifically alleges warrantless arrest in violation of the Fourth Amendment and due process violations under the Fourteenth Amendment. *Id.* at 4. Mr. Britt also alleges violations of Article First, Sections Two, Seven, Nine, Ten, and Thirteen of the Connecticut Constitution. *Id.* at 7.

The State Defendants argue that the Amended Complaint should be dismissed because 1) the Court lacks jurisdiction over claims involving cases adjudicated in state court under the *Rooker-Feldman* doctrine; 2) the Court should abstain from exercising jurisdiction over claims involving pending state criminal cases under *Younger v. Harris*, 401 U.S. 37 (1971); 3) the State Defendants have immunity from liability under the Eleventh Amendment; 4) the State

Defendants were improperly served; and 5) Mr. Britt has failed to state a cognizable claim for relief. Memo. in Supp.

Additionally, the Court has ordered Mr. Britt to provide proof of service as to Permanent General Assurance Corp. Order Requiring Service.

The Court considers each issue in turn.

### A.  Dismissal for Lack of Jurisdiction

#### a.  *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine—named for *Rooker v. Fidelity Trust*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)—bars the exercise of jurisdiction by district courts over claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) ("[U]nder this Court's *Rooker/Feldman* doctrine . . . a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court[.]"). This is because "within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock v. Albany Cnty. Bd. Of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

Mr. Britt alleges that he was wrongfully convicted in the state criminal cases FBT-CR05-209539, FBT-CR05-209540, and FBT-CR05-209541. Am. Compl. at 4. Mr. Britt also alleges that he suffered "permanent damages" due to the state habeas case *Britt v. Commissioner of Correction*, TSR-CV17-40009851-S, which was dismissed, and that abuse of power occurred in the "terminated civil habeas proceedings." *Id.* at 5–6.

8

The State Defendants argue that to the extent Mr. Brit requests federal review of a state court decision, the Court lacks jurisdiction for such review under the *Rooker-Feldman* doctrine. Memo. in Supp. at 6.

The Court agrees.

To be subject to the *Rooker-Feldman* doctrine: "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock*, 422 F.3d at 85 (cleaned up).

To the extent that Mr. Britt here seeks review and reconsideration of his criminal conviction in state court, as well as the decision dismissing his habeas case, the requirements for the *Rooker-Feldman* doctrine are fulfilled. First, Mr. Britt's convictions and the dismissal of his habeas case constitute "losses" in state court. *See Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 708 (S.D.N.Y. 2011) ("The first requirement—that the federal plaintiff lost in state court—is plainly met under the facts of Plaintiff's case. Plaintiff lost in state court when she was convicted on October 17, 2007."). Second, Mr. Britt complains of "unrepairable permanent damages" as a result of the convictions and dismissal of his habeas case. Am. Compl. at 5. Third, while Mr. Britt's allegations are not entirely clear, he seems, at least in part, to be requesting that this Court review these state court judgments. And, fourth, the past convictions and dismissal of his habeas petition occurred before the start of this case on October 10, 2024: Mr. Britt alleges that he was sentenced in the criminal cases on August 30, 2007, *id.* at 4, and the public docket shows that the judgment in his habeas case was entered on August 2, 2021.

9

Thus, to the extent that Mr. Britt is requesting "what in substance would be appellate review of the state court judgment[s]," *Johnson*, 512 U.S. at 1005–06, in the criminal cases FBT-CR05-209539, FBT-CR05-209540, and FBT-CR05-209541 and habeas case TSR-CV17-40009851-S, this Court lacks the jurisdiction for such review. *See, e.g.*, *Bobrowsky*, 777 F. Supp. 2d at 708 ("Thus, all of the requirements of the *Rooker–Feldman* doctrine are met with respect to Plaintiff's request for this court to void or vacate her state court conviction and the protective order entered against her, and accordingly the Court lacks jurisdiction over those claims."); *see also Book v. Tobin*, No. 3:04 CV 442 (JBA), 2005 WL 1981803, at *3 (D. Conn. Aug. 3, 2005) ("Plaintiffs' claims are paradigmatic of those barred by this [*Rooker-Feldman*] doctrine . . . . What plaintiff seeks is collateral review of his criminal conviction. While his claims could have been raised on direct appeal, or, during the period when he remained in custody, in a state or federal habeas petition, this § 1983 suit is an improper procedural vehicle.").

Accordingly, any claims requiring review and rejection of the state court judgments in FBT-CR05-209539, FBT-CR05-209540, FBT-CR05-209541, and TSR-CV17-40009851-S will be dismissed for lack of subject matter jurisdiction.

### b. *Younger* Abstention

"*Younger* [*v. Harris*, 401 U.S. 37 (1971)] generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citing *Younger*, 401 U.S. 37 (1971)). *Younger* abstention "is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Id.* at 198.

Mr. Britt alleges that he will not have "a fair or impartial trial judge or a fair jury" in the pending state criminal cases F02B-CR23-0352765-S and F02B-CR24-0357803-S, and requests that the Court "dismiss" these cases. Am. Compl. at 5. Mr. Britt also requests the Court to issue an injunction that would "remove any and all service by the chief public defenders office and their employees from the[se] 2 cases." *Id.* at 7.

State Defendants argue that the Court should abstain from intervening in any pending state criminal cases under *Younger*.

The Court agrees.

As to the first condition for *Younger* abstention*,* Mr. Britt requests that the Court intervene in ongoing criminal proceedings. Second, a criminal prosecution certainly implicates an important state interest, and "*Younger* itself involved a First Amendment challenge to a pending state criminal proceeding." *Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003). Lastly, there is no indication that Mr. Britt would be unable to assert his constitutional rights in the state court proceedings. He provides only bald assertions that he would not have a fair trial.

Thus, to the extent that Mr. Britt requests this Court's intervention in pending criminal prosecutions, F02B-CR23-0352765-S and F02B-CR24-0357803-S, the Court declines to exercise jurisdiction over any such claim under *Younger*. *See, e.g.*, *Serrano v. Desimone*, No. 3:20-cv-886, 2020 WL 4432929, at *2 (D. Conn. July 31, 2020) (dismissing claims under *Younger* when plaintiff "is a defendant in an ongoing proceeding that implicated the State's important interest in the enforcement of its criminal laws" and "there is no reason to suppose that [plaintiff] will be prevented from raising his constitutional claims in the state courts of Connecticut").

Accordingly, any claim requesting that the Court enjoin or interfere in the pending criminal cases, F02B-CR23-0352765-S and F02B-CR24-0357803-S, will be dismissed.

### c. Sovereign Immunity

Under the Eleventh Amendment, "a federal court c[an] not entertain a suit brought by a citizen against his own state." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). "This jurisdictional bar also immunizes a state entity that is an arm of the state, including, in appropriate circumstances, a state official acting in his or her official capacity." *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007).

Under *Ex parte Young*, 209 U.S. 123 (1908), however, "a plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for 'prospective injunctive relief' from violations of federal law." *In re Deposit Ins. Agency*, 482 F.3d at 617. To bring an *Ex parte Young* claim, a plaintiff must allege an "ongoing violation of federal law" and request "relief properly characterized as prospective." *Verizon Maryland, Inc. v. Public Service Comm'n of Maryland*, 535 U.S. 635, 645 (2002).

Mr. Britt brings his claims against the Office of the Chief Public Defender and Office of the Attorney General—two state departments—and states that he is suing all State Defendants in their "official capacity." *See, e.g.*, Am. Compl. at 1, 7.

The State Defendants argue that insofar as Mr. Britt's claims are against the Office of the Chief Public Defender, Office of the Attorney General, and Ms. Birney in her official capacity, they are barred by sovereign immunity under the Eleventh Amendment.

The Court agrees.

To the extent that Mr. Britt requests relief from the Office of the Chief Public Defender and the Connecticut Office of the Attorney General under Section 1983 or *Ex parte Young*, all

12

claims against these state departments are barred by sovereign immunity. *See, e.g.*, *Dube v. State of University of New York*, 900 F.2d 587, 594 (2d Cir. 1990) ("[S]ince [plaintiff's] federal causes of action are brought under section 1983, 'in the absence of consent, any claims against the State or one of its agencies or departments are proscribed by the Eleventh Amendment.'" (quoting *Pennhurst*, 465 U.S. at 100) (cleaned up)); *Mallison v. Conn. Office of Early Childhood*, 657 F. Supp. 3d 221, 233 (D. Conn. 2023) ("First, Plaintiff seeks this injunction directly against the OEC and not against any individual defendant. This alone defeats his argument that *Ex parte Young* allows the relief sought."); *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) ("The doctrine of *Ex parte Young* . . . has no application in suits against the States and their agencies, which are barred regardless of the relief sought[.]").

Furthermore, to the extent that Mr. Britt requests monetary relief for past harms under Section 1983 from Ms. Birney acting in her official capacity, these claims are barred by sovereign immunity. *See Goonewardena v. New York*, 475 F. Supp. 2d 310, 329 (S.D.N.Y. 2007) ("In addition to preventing suits against a state, sovereign immunity also extends to bar claims for monetary damages brough against state officers sued under section 1983 in their official capacities."). And, to the extent that Mr. Britt requests some kind of injunctive relief from Ms. Birney related to his past criminal convictions and habeas case, he is seeking relief for past harms and has not alleged any "ongoing violation of federal law" necessary for bringing an *Ex parte Young* claim. *State Employees Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 95 (2d. Cir. 2007) (quoting *Verizon Maryland, Inc.*, 535 U.S. at 645); *see, e.g.*, *Mallison*, 657 F. Supp. at 233 (dismissing a claim when "[i]t is clear that this allegation relates to an event that took place in the past, and not ongoing conduct").

Accordingly, all claims against the Connecticut Office of the Chief Public Defender and Connecticut Office of the Attorney general, any claim under Section 1983 against Mr. Birney in her official capacity, and any claim seeking injunctive relief based on previous convictions will be dismissed.

### B. Dismissal for Failure to State a Claim

Defendants argue that, in addition to the jurisdictional defects, the Amended Complaint should be dismissed because Mr. Britt has failed to plead a cognizable claim. Memo. in Supp. at 16. Specifically, the Defendants argue that Mr. Britt presents only conclusory allegations and fails to specify causes of action "sufficiently identifying how any of the named defendants deprived him of his constitutional rights." *Id.* at 17.

The Court agrees.

The Amended Complaint provides only vague allegations related to over twenty years of events, beginning in 2001. *See* Am. Compl. at 4 ("The plaintiff has alleged that the abuse of power began on or about May 26, 2001[.]"). While he states that his rights under the "United State Constitution & States of Ct of Constitution 1st Article section (2) (7) (B) [*sic*] (9) (10) (13)" were violated, *id.* at 7, he does not indicate how specific rights were violated or how any of the Defendants violated such rights. He includes only unsupported, conclusory allegations of wrongs such as "warrantless arrest" and "wrongful conviction," *id.* at 4, without tying them to any specific Defendant in this case. *See, e.g.*, *id.* ("The plaintiff has alleged that the abuse of power started on July 14, 2005 original warrantless application for arrest warrant by Bridgeport P.D Sgt Jesus Ortiz Jr badge no 65753 case no 05-Y-367A not signed by prosecutor nor a judge that led to wrongful conviction of Michael A. Britt."). And, although Mr. Britt does cite Section 1983, he fails to provide any clear allegations to support a Section 1983 claim.

14

In sum, his "allegations are so vague as to fail to give the defendants adequate notice of the claims against them," *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009), and thus warrant dismissal. *See id.* ("We conclude that because the Appellants' § 1983 allegations are so vague as to fail to give the defendants adequate notice of the claims against them, the district court did not err in dismissing them."); *see also Ashcroft*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulative recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal citations and quotations omitted)).

Accordingly, any potential claim not dismissed for the jurisdictional defects explained above will be dismissed for failure to state a claim.

### C. Dismissal for Improper Service

Under Rule 4 of the Federal Rule of Civil Procedure, a "summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Only "any person who is at least 18 years old and not a party may serve a summons and complaint." *Id.* 4(c)(2). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* 4(m).

The State Defendants argue that the Complaint should additionally be dismissed because Mr. Britt, a party, served them in violation of Rule 4(c)(2). *See* Fed. R. Civ. P. 4(c)(2).

The Court agrees, in part.

15

The summons returned as executed as to the Office of the Attorney General, Office of the Chief Public Defender, and Mr. Birney state that Mr. Britt served the summons himself. *See* ECF Nos. 12, 13, 14 (Oct. 21, 2024).

While, generally, Rule 4(c)(2)'s prohibition on service by a party would require dismissal, the Second Circuit has warned that in *pro se* actions, "Rule 4 of the Federal Rules is to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." *Jaiyeola v. Carrier Corp.*, 73 F. App'x 492, 494 (2d Cir. 2003) (internal citations and quotation marks omitted). When "it appears that proper service may still be obtained," the Second Circuit cautions against dismissal. *Id.*

In light of this guidance, district courts in this Circuit often give *pro se* litigants a chance to serve defendants properly before dismissing their cases. *See, e.g.*, *Kennedy v. Peters*, No. 6:23-cv-195, 2023 WL 5977237, at *3 (N.D.N.Y. Sept. 14, 2023) ("But when it comes to technical problems with service, the Second Circuit has held that *pro se* plaintiffs should be granted special leniency. . . . In short, dismissal is an inappropriate remedy if it appears that proper service may still be obtained." (internal citations and quotation marks omitted)); *May v. Levy*, 659 F. Supp. 323, 334 (E.D.N.Y. 2023) (providing *pro se* plaintiff an opportunity to properly serve defendants after improper service); *Doe v. Becerra*, No. 2:23-cv-00178, 2024 WL 3640636, at *2 (D. Vt. May 7, 2024) ("In light of Plaintiff's self-represented status, the court grants a further extension of the time to serve process."); *Jones v. Westchester Cnty.*, 182 F. Supp. 3d 134, 146 (S.D.N.Y. 2016) (allowing *pro se* plaintiff a second chance to serve defendants properly when defendant had actual notice of claim and would not be prejudiced by extending time to serve).

Here, because Mr. Britt attempted service on the State Defendants, and the State Defendants received actual notice of the case, the Court is wary of dismissing the Amended Complaint for lack of service as to the State Defendants. But, given the fatal jurisdictional issues and failure to plead a cognizable claim, Mr. Britt's Amended Complaint will be dismissed on other grounds, and the Court need not determine the appropriate remedy for Mr. Britt's failure to serve the State Defendants.

As to Permanent General Assurance Corp., however, there is no evidence that Mr. Britt attempted service or that Permanent General Assurance Corp. has any notice of this case. Furthermore, the Court warned Mr. Britt that Permanent General Assurance Corp. had not been served, and that proper service was necessary by April 11, 2025, or his claims against them would be dismissed. *See* Order Requiring Service ("To proceed on any claim against Permanent General Assurance Corp., Mr. Britt must file on the docket proof of service as to Permanent General Assurance Corp. according to the D. Conn. Local Rules by **April 11, 2025**. . . . If Mr. Britt cannot provide proof that Permanent General Assurance Corp. was properly served within 90 days of the filing of the Complaint, he must demonstrate good cause for his failure to timely serve Defendant, or the claim against Permanent General Assurance Corp. will be dismissed.").

Mr. Britt has provided no proof of service on Permanent General Assurance Corp., has offered no explanation for his failure to do so, and has requested no extension of time related to service. The Court will thus *sua sponte* dismiss all claims against Permanent General Assurance Corp. for lack of service. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *see, e.g.*, *Dean v. Stonybrook Southampton Hospital*, 2:24-cv-2654 (NJC) (ST),

17

2024 WL 5108106, at *2 (E.D.N.Y. Dec. 13, 2024) (dismissing *pro se* complaint for failure to serve when defendant had no notice of the case and court had warned defendant he must serve defendant).

Accordingly, all claims against Permanent General Assurance Corp. will be dismissed without prejudice.

### D. Leave to Amend

Mr. Britt has filed an additional Amended Complaint on the docket. Second Am. Compl. Under Rule 15(a)(1)(B), a plaintiff can amend a pleading "once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Mr. Britt's filing is beyond the time limit for amendment as a matter of course. But, in consideration of the special solicitude owed to *pro se* plaintiffs, the Court will consider Mr. Britt's amended pleading as a motion for leave to amend.

Generally, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Where there is no indication that a valid claim can be stated after a liberal reading of a *pro se* plaintiff's complaint, however, the Court need not grant leave to amend. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend."). Leave to amend can be "futile" where the problems with a plaintiff's "causes of actions [are] substantive" and "better pleading will not cure" them. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Futility may exist where claims are barred by immunity doctrines or statutes of limitations. *See Harrison v. New York*, 95 F.Supp.3d 293, 305 (E.D.N.Y. 2015) (collecting cases).

Here, amendment is futile.

As discussed, many of Mr. Britt's claims will be dismissed based on jurisdictional defects. These claims cannot be revived by additional pleading, and thus amendment is futile. *See Kirschenbaum v. Federal Ins. Co.*, 505 B.R. 126, 131 (E.D.N.Y. 2014) ("An amendment is considered futile if, for example, it could not defeat a motion to dismiss for failure to state a claim or for lack of subject matter jurisdiction." (citations omitted)). Mr. Britt additionally fails to offer any new factual allegations to support any other potential claim; instead repeating vague allegations that his due process rights were violated.

Having reviewed the Amended Complaint and Second Amended Complaint, the Court sees no reason to provide a third opportunity to amend. *See, e.g.*, *Bellikoff v. Eaton Vance Corp.*, 481 F. 3d 110, 118 (2d Cir. 2007) ("Leave to amend is especially inappropriate where, as here, plaintiffs' proposed amendments merely recycled versions of claims which had already fallen victim to a motion to dismiss."); *Nicholson v. Bank of New York*, 22-cv-3177 (PGG) (KHP), 2023 WL 5526715, at *9 (S.D.N.Y. Aug. 28, 2023) ("A court may properly deny leave to amend, however, in cases of . . . repeated failure to cure deficiencies . . . ." (citation and internal quotation marks omitted)); *Dash v. Mayers*, 19-cv-414 (GBD)(JLC), 2020 WL 1946303, at *9 (Apr. 23, 2020), *report and recommendation adopted*, 2020 WL 3056133 (S.D.N.Y. June 9, 2020) ("[B]ecause [Plaintiff] has now effectively had two opportunities to amend his complaint and any further attempt would be futile for the various reasons set forth in this Report, he should not be granted leave to further amend his pleadings." (citations omitted)).

Accordingly, the Court denies leave to amend, and will dismiss this case.

## IV. CONCLUSION

For the reasons explained above, the motion to dismiss is **GRANTED**; all claims against the State Defendants are **DISMISSED with prejudice**; all claims against Permanent General Assurance Corp. are **DISMISSED without prejudice**; and leave to amend is **DENIED**.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at New Haven, Connecticut, this 25th day of April, 2025.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge